IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| AMER IQBAL | : | |
| 17648 Teddler Circle | : | |
| Round Hill, Virginia 20141 | : | |
| | : | |
| Plaintiff | : | |
| | : | |
| v. | : | Case Number 1:07cv00408 (RMU) |
| | : | Judge Ricardo M. Urbina |
| SUPERIOR COURT OF THE | : | |
| DISTRICT OF COLUMBIA | : | |
| 500 Indiana Avenue, N.W. | : | |
| Washington, D.C. 20001 | : | |
| and | : | |
| TRICIA ANNE RILEY | : | |
| 3800 Reservoir Road, N.W. | : | |
| Georgetown Hospital | : | |
| Kober Cogan Hall #101 | : | |
| Washington, D.C. 20007 | : | |
| | : | |
| Defendants | : | |

## DEFENDANT TRICIA ANNE RILEY'S MOTION TO DISMISS

COMES NOW Defendant, Tricia Ann Riley ("Riley"), by and through the undersigned

counsel, and moves the Court to dismiss the Complaint in its entirety and with prejudice, and as

grounds states as follows:

1.     Plaintiff's Complaint fails to state a claim upon which relief can be granted. Since

the Complaint asks this Court for relief from a voluntary Temporary Restraining Order issued by

the Superior Court for the District of Columbia, it fails to allege a cause of action upon which this

Court can grant him relief. See Fed. R. Civ. P. 12(b)(6). Any possible relief lies in the Superior

Court for the District of Columbia or its appellate courts.

2.      This Court has no jurisdiction over the subject matter of Plaintiff's action.  See Fed. R. Civ. P. 12(b)(1).  This case involves neither a federal question or a matter in which Plaintiff alleges complete diversity or damages in excess of $75,000.  See 28 U.S.C. §§1331 and 1332.  As a result, this Court has no jurisdiction of the action.

3.      Finally, Plaintiff failed to properly serve Defendant Riley with process according to Federal Rule of Civil Procedure 12(b)(5).  Plaintiff failed to deliver a copy of the Summons and Complaint to Defendant Riley personally or by leaving copies at her usual place of abode with a person of suitable age and discretion residing therein.  See Fed. R. Civ. P. 4(e)(2).

WHEREFORE, upon the grounds set forth in the Statement of Points and Authorities attached hereto, Defendant Tricia Ann Riley prays this Honorable Court for an Order dismissing the Complaint in its entirety and with prejudice.


Respectfully submitted,

BRAULT GRAHAM, P.L.L.C.


/s/ Bradford J. Roegge
Bradford J. Roegge (DC Bar No. 457069)
101 South Washington Street
Rockville, Maryland 20850
301-424-1060
broegge@braultgraham.com
*Attorney for Defendant Tricia Anne Riley*

## **Certificate of Service**

I hereby certify that on this 22nd day of March, 2007, I caused a copy of the foregoing to be sent by U.S. mail, first-class postage prepaid, to:

     Mr. Amer Iqbal
     17648 Teddler Circle
     Round Hill, Virginia 20141


     /s/ Bradford J. Roegge
     Bradford J. Roegge

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

AMER IQBAL,                      :
                                :
              Plaintiff         :
                                :
      v.                      :     Case Number 1:07CV00408 (RMU)
                                :     Judge Ricardo M. Urbina
SUPERIOR COURT OF THE    :
DISTRICT OF COLUMBIA     :
    and                   :
TRICIA ANNE RILEY,        :
                                :
           Defendants    :

**DEFENDANT RILEY'S STATEMENT OF POINTS AND AUTHORITIES**

**I.**    **Statement of Undisputed Material Facts**

A.    Plaintiff has filed a Complaint requesting that this Court review the transcript of his Temporary Restraining Order ("TRO") hearing in the Superior Court for the District of Columbia occurring on January 18, 2007. During that hearing, Plaintiff voluntarily signed a Consent Order under which he agreed a) to stay at least 100 feet away from Defendant Tricia Anne Riley ("Ms. Riley"); and b) not to contact Ms. Riley by telephone, in writing or in any other manner either directly or indirectly. The TRO remains in effect until January 17, 2008. *See* Consent Order, Exhibit 01.

B.    Plaintiff has a long history of bizarre behavior and harassment of Defendant. After briefly meeting Defendant Riley at Georgetown University Hospital on one occasion in June 2006 at his son's audiology test, Plaintiff has repeatedly harassed Defendant Riley despite all attempts to inform him not to contact her. *See* Personal Statement of Susan Morgan, Exhibit 2; Plaintiff's New Year's Card, Exhibit 3. The harassment culminated on January 5, 2007 when, unbeknownst to Defendant Riley, Plaintiff appeared at her parents' house in a bizarre effort to locate her. *See*

Plaintiff's Email, January 13, 2007, Exhibit 4.  Now, even after signing the Consent Order, Plaintiff has continued his threatening behavior by claiming that he was married to Defendant Riley and actually applying for a marriage license to her.  All of this activity has been directly or indirectly communicated to Defendant Riley in violation of the TRO.

C.    On January 19, 2007, the day after the hearing, Plaintiff requested the transcript of the TRO proceeding.  *See* Request for Transcript, Exhibit 5.  On January 31, 2007, Plaintiff filed a Motion to Dismiss the TRO, alleging in part that he consented to the Order under duress and without the advice of legal counsel.  The Motion was rejected for failure to provide Certificate of Service upon Plaintiff.  *See* Motion to Dismiss, Exhibit 6; Notice of Motion Rejection, Exhibit 7.

D.    On February 6 and 8, 2007, respectively, Plaintiff wrote two (2) letters to the Honorable Robert S. Tignor in which he alleged that the court reporter had tampered with the transcript in a variety of ways.  In the February 6th letter, Plaintiff specifically alleged that the court reporter failed to transcribe the fact that he had been married to Defendant Riley during the hearing.  *See* Exhibit 8.  In the February 8th letter, Plaintiff requested an emergency hearing to identify the errors in the transcript and requested tape and video recordings of the hearing.  *See* Exhibit 9.

E.    On February 16, 2007, Judge Tignor informed Plaintiff in writing that there was no discussion of marriage at the January 18th TRO hearing and denied his request for an emergency hearing.  Judge Tignor also warned Plaintiff about the possibility of imprisonment for contempt of court if he violated the directives of the TRO.  *See* Exhibit 10; TRO Hearing Transcript, Exhibit 11. Judge Lynn Leibovitz, subsequently assigned to the matter, denied Plaintiff's Motion to Dismiss the TRO.  *See* Exhibit 12.

F.    On February 23, 2007, Defendant Riley received a telephone message from the

2

District of Columbia Marriage Bureau about a marriage license for which she had apparently applied. Defendant Riley was informed that unbeknownst to her, Plaintiff had applied for a marriage license to be married to her. *See* Exhibit 13. Defendant Riley did not sign the application, and the marriage license was never issued.

G. Plaintiff has now filed a Complaint in federal court seeking relief from the TRO issued by the Superior Court. As he previously argued in his Motions to Dismiss with the Superior Court, Plaintiff alleges that he was not given adequate notice of the TRO hearing to seek counsel before signing the Consent Order. He also alleges that the court reporter at the TRO hearing failed to transcribe his marriage to Defendant Riley. *See* Complaint. The hearing transcript and Judge Tignor make it entirely clear that Plaintiff is delusional in his belief that he was married to Defendant Riley during the hearing. *See* Exhibits 10 and 11.

## II.    **Argument**

### A.    **This Court has no Subject Matter Jurisdiction of Plaintiff's Challenge to the TRO and the Accuracy of the Hearing Transcript.**

At the outset, this Court must make an initial determination whether it has subject matter jurisdiction to entertain the merits of Plaintiff's Complaint. *Nurse v. Secretary of the Air Force*, 231 F.Supp.2d 323, 327 (D.D.C. 2002)(citing *Ex Parte McCardle*, 74 U.S. 506, 7 Wall. 506, 514, 19 L.Ed. 264 (1868)). Federal Rule of Civil Procedure 12(b)(1) requires that Plaintiff bear the burden of establishing by a preponderance of the evidence that this Court has jurisdiction to entertain his claims. *Id.*; *Grand Lodge of Fraternal Order of Police v. Ashcroft*, 185 F.Supp.2d 9, 13 (D.D.C. 2001)(holding that the court has an "affirmative obligation to ensure that it is acting within the scope of its jurisdictional authority"). Pursuant to Article III, section two of the United States Constitution, federal courts have jurisdiction over "all Cases, in Law and Equity, arising under this Constitution,

3

the Laws of the United States, and Treaties made, or which shall be made under their Authority;

[and] . . . Controversies to which the United States shall be a Party[.]" U.S. Const., Art. III, § 2.

This Court's limited jurisdictional authority requires litigants to demonstrate that they have

standing to assert their claims in federal court. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560,

112 S.Ct. 2130, 119 L.Ed.2d 351 (1992). To establish standing, a plaintiff must satisfy the following

three-part test:

> First, the plaintiff must have suffered an 'injury in fact' – an invasion of a legally protected
> interest which is a) concrete and particularized . . . and b) 'actual or imminent, not
> 'conjectural or hypothetical[.]' Second, there must be a causal connection between the injury
> and the conduct complained of – the injury has to be 'fairly trace[able] to the challenged
> action of the defendant, and not . . . th[e] result [of] the independent action of some third
> party not before the court . . . . Third, it must be 'likely' as opposed to merely 'speculative'
> that the injury will be 'redressed by a favorable decision.

Id. at 560-61, 112 S.Ct. 2130 (citations omitted).

"A motion to dismiss under 12(b)(1) for lack of standing . . . involves an examination of the

face of the complaint . . . ." *Haase v. Sessions*, 835 F.2d 902, 908 (D.C.Cir. 1987). Facial

challenges, such as motions to dismiss for lack of standing at the pleading stage, "attack[] the factual

allegations of the complaint that are contained on the face of the complaint." *Al-Owhali v Ashcroft*,

279 F.Supp.2d 13, 20 (D.D.C. 2003). "If a defendant mounts a facial challenge to the legal

sufficiency of the plaintiff's jurisdictional allegations, the court must accept as true the allegations

in the complaint and consider the factual allegations of the complaint in the light most favorable to

the non-moving party." *Erby v. United States*, 424 F.Supp.2d 180, 181 (D.D.C. 2006).

On the face of the Complaint herein, Plaintiff has not demonstrated that he has standing to

assert a claim in federal court. Even construing the Complaint in favor of the Plaintiff, he alleges

no violation of a legally protected interest arising under the U.S. Constitution or federal law. Rather,

he seeks redress for a claim that falls exclusively within the jurisdiction of the D.C. Superior Court. Furthermore, this case involves neither a federal question nor a matter in which Plaintiff has alleged damages in excess of $75,000. *See* 28 USC §§1331 and 1332. As a result, this Court has no subject matter jurisdiction of the action.

      **B.**      **Plaintiff's Complaint Fails to State a Claim Upon Which Relief Can be Granted.**

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure may be granted when a defendant shows "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Bell v. Executive Comm. of the United Food and Commercial Workers Pension Plan for Employees*, 191 F.Supp.2d 10, 15 (D.D.C. 2002). On a motion brought under Rule 12(b)(6), the Court assumes the truth of the material facts as alleged in the complaint. *Summit Health, Ltd. v. Pinhas*, 500 U.S. 322, 325, 111 S.Ct. 1842, 114 L.Ed.2d 366 (1991). While the complaint is to be construed liberally in plaintiff's favor, the Court need not accept inferences drawn by the plaintiff if those inferences are unsupported by facts alleged in the complaint; nor must the Court accept plaintiff's legal conclusions. *See Kowal v. MCI Communications Corp.*, 16 F.3d 1271, 1276 (D.C.Cir. 1994). When there is no legal basis for plaintiff's complaint, it should be dismissed so as to not waste judicial resources. *See Baker v. Director, United States Parole Comm'n*, 916 F.2d 725, 727 (D.C.Cir. 1990).

Plaintiff's Complaint herein fails to state a claim upon which relief can be granted. Plaintiff has not exhausted all remedies available to him in the D.C. Superior Court. Should Plaintiff desire to further challenge the validity of the TRO and the accuracy of the hearing transcript**,** such relief is properly sought with the D.C. Court of Appeals rather than in federal court. Furthermore, even if this Court accepts Plaintiff's allegations**,** the Complaint alleges no federally protected right upon

5

which this Court can grant him relief.

**C.    Plaintiff Failed to Properly Serve Defendant Riley with Process under Federal Rule of Civil Procedure 4(e).**

Finally, Defendant Riley also moves to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(5). Unless the procedural requirements of effective service of process are satisfied, a court lacks power to assert personal jurisdiction over a defendant. *Gorman v. Ameritrade Holding Corp.*, 293 F.3d 506, 514 (D.C.Cir.2002)(citing *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 104, 108 S.Ct. 404, 98 L.Ed.2d 415 (1987)). A court will grant a 12(b)(5) motion to dismiss if a defendant did not receive sufficient service of process. *See Int'l Shoe Co. v. Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945). Plaintiff, moreover, carries the burden of establishing that he had properly effected service pursuant to Federal Rule of Civil Procedure 4(e). *Light v. Wolf*, 816 F.2d 746, 751 (D.C.Cir. 1987).

Rule 4(e) of the Federal Rules of Civil Procedure provides that a plaintiff may only serve either the individual defendant personally, an appropriate individual residing at the defendant's dwelling, house or abode, or an agent of the defendant authorized by law or by appointment to receive service of process. Fed.R.Civ.P. 4(e)(2); *see United States ex rel. Rockefeller v. Westinghouse Elec. Co.*, 274 F.Supp.2d 10, 12 n.1 (D.D.C. 2003)(observing that defendant's attorney was not a proper agent for service of process). Pro se litigants "are allowed more latitude than litigants represented by counsel to correct defects in service of process and pleadings" *Moore v. Agency for Int'l Development*, 994 F.2d 874, 876 (D.C.Cir. 1993). If dismissing the claim without prejudice due to insufficient service would lead to the refiling of a meritless claim, however, the U.S. Circuit Court for the District of Columbia has held that it is proper to consider other means of dismissing the case.

6

Plaintiff cannot satisfy his burden of establishing that he properly effected service pursuant to Federal Rule of Civil Procedure 4(e).  He was required to deliver a copy of the Summons and Complaint to Defendant Riley personally or by leaving copies at her usual place of abode with a person of suitable age and discretion residing therein.  Federal Rule of Civil Procedure 4(e)(2).  By contrast, he attempted to serve her by mailing a copy of the Summons and Complaint to her at her place of work. *See* Exhibit 14.  Furthermore, he has filed no affidavit of service to demonstrate that he served Defendant Riley in accordance with Rule 4(e).  As a result, this Court lacks the power to assert personal jurisdiction over Defendant Riley.  Even though as a pro se litigant Plaintiff should be given more latitude to correct the deficiency in service of process, this Court should nevertheless dismiss the Complaint with prejudice, since not doing so would lead to the refiling of a meritless claim under Rule 12(b)(1) and (6). *See Simpkins,* 108 F.3d at 369-70.

## CONCLUSION

WHEREFORE, for the foregoing reasons, Defendant Tricia Ann Riley respectfully moves this Honorable Court for an Order dismissing the Complaint in its entirety and with prejudice.

7

Respectfully submitted,

BRAULT GRAHAM, P.L.L.C.


/s/ Bradford J. Roegge
Bradford J. Roegge (Bar No. 457069)
101 South Washington Street
Rockville, Maryland 20850
301-424-1060
broegge@braultgraham.com
*Attorney for Defendant Tricia Anne Riley*


## CERTIFICATE OF SERVICE

I hereby certify that on this 22nd day of March, 2007, I caused a copy of the foregoing to be sent by U.S. mail, first-class postage prepaid, to:

Mr. Amer Iqbal
17648 Teddler Circle
Round Hill, Virginia 20141


/s/ Bradford J. Roegge
Bradford J. Roegge

8

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| AMER IQBAL | : | |
| | : | |
| Plaintiff | : | |
| | : | |
| v. | : | Case Number 1:07cv00408 (RMU) |
| | : | Judge Ricardo M. Urbina |
| SUPERIOR COURT OF THE | : | |
| DISTRICT OF COLUMBIA | : | |
| and | : | |
| TRICIA ANNE RILEY | : | |
| | : | |
| Defendants | : | |

## CERTIFICATE OF SERVICE

I hereby certify that on this 22nd day of March, 2007, I caused a copy of Defendant Riley's Motion to Dismiss, Memorandum of Points and Authorities in support of the motion, the proposed Order, the Exhibits to the motion, and this Certificate of Service, to be sent by U.S. mail, first-class postage prepaid, to:

> Mr. Amer Iqbal
> 17648 Teddler Circle
> Round Hill, Virginia 20141
> *Pro Se Plaintiff*

Respectfully submitted,

BRAULT GRAHAM, P.L.L.C.

/s/ Bradford J. Roegge
Bradford J. Roegge (Bar No. 457069)
101 South Washington Street
Rockville, Maryland 20850
301-424-1060
broegge@braultgraham.com
*Attorney for Defendant Tricia Anne Riley*

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

AMER IQBAL,                          :
                                     :
            Plaintiff                :
                                     :
     v.                              :     Case Number 1:07CV00408 (RMU)
                                     :     Judge Ricardo M. Urbina
SUPERIOR COURT OF THE                :
DISTRICT OF COLUMBIA                 :
     and                             :
TRICIA ANNE RILEY,                   :
                                     :
            Defendants               :

**<u>ORDER</u>**

Upon consideration of Defendant Riley's Motion to Dismiss, and the entire record herein,

it is, this _____ day of _____, 2007, by the United States District Court for the District

of Columbia, hereby

ORDERED, that Defendant Riley's Motion to Dismiss be and the same is hereby

GRANTED, and it is further

ORDERED, that this case be dismissed in its entirety and with prejudice.

_____
Ricardo M. Urbina, U.S. District Judge

<u>Copies to</u>:

Bradford J. Roegge, Esq.
Brault Graham, LLC
101 South Washington Street
Rockville, Maryland 20850
broegge@braultgraham.com
*Attorney for Defendant Tricia Anne Riley*

Mr. Amer Iqbal
17648 Teddler Circle
Roundhill, Virginia 20141
*Pro Se Plaintiff*

# EXHIBIT 1

## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
### CIVIL DIVISION

**A TRUE COPY**
TEST:

_Tricia Anne Riley_
**Plaintiff**

Superior Court of
the District of Columbia

Deputy Clerk

vs.

C.A. No.

_Amer Iqbal_
**Defendant**

### CONSENT ORDER

Upon consideration of the plaintiff's application for a Temporary Restraining

Order, and the record herein, and the consent of all parties, it is by the Court

this _13_ day of _January_, 200_7_, hereby **Ordered,** that;

~~1. Defendant shall not    assault,    threaten,    harass, or~~ *RST*

~~physically abuse Plaintiff in any manner.~~ *RST*

**1.** Defendant shall stay at least 100 feet away from the

Plaintiff's **X** person, **X** home, **X** workplace, *except that Defendant may be present at Georgetown University Hospital whenever necessary to assist with the treatment of his minor child. At such times Defendant will stay as far away from Plaintiff as is practicably possible.*

**2.** Defendant shall not contact the Plaintiff in any manner, *(communicate with)*

including but not limited to: **X** telephone, **X** in writing,

or _X_ in any other manner either directly or indirectly

*(Defendant shall stay away from and not communicate with Plaintiff's ~~family~~ relatives)*

through a third party.

3. The court makes no findings whatsoever as to whether any inappropriate conduct has occurred.

*Robert E. P. Tignor*

**JUDGE**

4. This order shall remain in effect until 1/17/08

_____
Plaintiff

_____   1/18/07
Defendant

2

# EXHIBIT 2

Georgetown
University
Hospital

*MedStar Health*

**Protective Services Department**
**Personal Statement Form**

Tricia Riley - Audiologist

Name: Susan Morgan, Director of Audiology
Address: 3800 Reservoir Rd NW
Washington, DC 20007
Phone #: 202-687-5136

**Personal Statement**

Mr. Iqbal Ameer brought his son, Hannan, to the Audiology clinic on 10-5-06. Tricia Riley, M.A. & Miranda Adams, M.S. tested Hannan. About 1 month later, Mr. Ameer left a message for Tricia to call him. Assuming it was about Hannan's test results, Tricia called him at which time Mr. Ameer asked Tricia out on a date. Tricia told him no that she had a boyfriend and did not want to go out with him. The next day, Mr. Ameer left a message for Tricia saying that he would stop by the clinic the following day. Tricia called him the next day & spoke with him directly & told him not to come see her at the clinic. She also told him that she did not want any personal contact with him. Over the next 6 weeks Mr. Ameer left approximately 4-6 voicemail messages for Tricia requesting meetings for coffee or lunch & for Tricia to call him back. Tricia did not respond to any of these messages. Also, Mr. Ameer faxed an invitation to our clinic inviting Tricia & Miranda to a dinner at a restaurant on Aug 12th. We also believe several of the Lombardi Cancer Center physicians were also invited to the same dinner. Our administrative officer contacted Mr. Ameer & told him that Tricia & Miranda would not come to dinner. Mr. Ameer ~~stated he would go to Tricia's house. This he refused.~~ August 19th Mr. Ameer came to the clinic to see Tricia & requested to wait in the waiting room to see her. I spoke to Mr. Ameer asked if his visit was about his son's testing & he said no that he was hoping to see Tricia. I asked him to leave the clinic & he did. Aug 19, Mr. Ameer invited the entire staff to a lunch →
OVER

Signature: _[signature]_    _[signature]_
Date: 9/27/06    9-29-06

he was having in Lombardi pediatric hematology-oncology clinic. On Aug 25th Mr. Amer dropped off at our clinic a cake & chocolate candy. The following week he dropped off chips & salsa & waited for 1hr. in the waiting room to see Tricia. It was the end of the day & the clinic was closing so he left. On Sept 5th Mr. Amer dropped off breakfast for the audiology staff. I contacted Greg Coronada on Sept 6th & discussed the events & Mr. Amer's behavior. Greg & I called Mr. Amer on Sept 6th & told him to stop contacting Tricia & to only contact the audiology clinic for professional matters & that we would not accept any more food from him. We also told him that if his son needed further audiology services than he would see a different audiologist other than Tricia. On Sept 26th Janice Oppenheim contacted Tricia to inform her that Mr. Amer had placed numerous requests to Janice's staff to "put in a good word for him" with Tricia. He also sent Dr. Shad a letter requesting that she contact Tricia about dating Mr. Amer & he sent diamond earrings to Dr. Shad to give to Tricia. About 4:30pm Sept. 26th John Barletti, Janice Oppenheim, Greg Coronada & I called Mr. Amer & John told him that he was not to directly or indirectly try to contact Tricia. He was also told that if he did not comply, we would contact the DC metro police. Mr. Amer stated that he understood, & that we would not hear from him again. On Sept 29th, Mr. Amer left a message on my voicemail requesting that I meet with him & allow him to explain because he thought I was given mis-information. I contacted Greg Coronada & protective services was called by someone in Lombardi because Mr. Amer was in the Lombardi clinic for an appointment with his son asking for help in contacting Tricia.

# EXHIBIT 3

Happy New Year to You!

My deer, the moment I first saw you
though I stayed silent
and when I saw your heart, and you knew
You took mine away
Since that day onwards
It only beats with your name

☆

And the day you came, put your pad down
and nod . . .
I only see you wherever I look
Staying away from you, hurts a lot
and I only Wish you and me together
and for forever
☆ Come soon if you can, or wait and I will

A happy heart,
a sunny smile,
Joys to make
each day worthwhile,
All that you'd like most,
and more~
That's what this
New Year wish is for!

# EXHIBIT 4

**From:** amer iqbal
**To:** rileytricia@yahoo.com
**Date:** Saturday, January 13, 2007 4:52:27 AM
**Subject:** amer trying to contact you

Tricia,

Hope you are doing good. I happened to find your email
address and thought to write you directly. Whatever
happened at the hospital was totally a
misunderstanding and I like to clear it up with you. I
believe I have met with your sis Kim and other
relative, and you know it too. I was waiting for you
to return my call but you didnt? if there is a reason
then you should let me know.
I want to tell you that I like you vmuch and I believe
its the same on ur side and we should talk to
eachother.
I am taking my son to NC for his transplant, but will
be in the area. email is good to start communicating
with eachother, so please write me back.
takecare
Amer

---

Do You Yahoo!?
Tired of spam?  Yahoo! Mail has the best spam protection around
http://mail.yahoo.com

# EXHIBIT 5

APPEAL_____    DATE: 1/19/07    CLERK: NG    NON-APPEAL ✓

# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
COURT REPORTING & RECORDING DIVISION
500 INDIANA AVENUE, N.W., ROOM 5500.
WASHINGTON, D.C. 20001
PHONE NUMBER (202) 879-1009

Courtview
202 879 1090

4201

# REQUEST FOR TRANSCRIPT

NAME OF CASE: TRICIA ANNE RILEY vs AMER IQBAL    CASE NUMBER: 0CCC113-07    CA

PRESIDING JUDGE: _____    REPORTER (TAPE) ✓    COURTROOM: JIC

PROCEEDING DATE(S): 1/18/07    TIME OF PROCEEDINGS: 2-30 PM

REQUESTED PORTION/BLOCK: _____ ~~INITIAL~~ All

NAME AND ADDRESS OF ORDERING PARTY:

First Name _____ AMER _____    Last Name _____ IQBAL _____
E-mail address: iqbalamer@hotmail.com
Company _____    Telephone Number _____ 571-277-6216 _____
Street Address 17652 TEDLER CIR
City ROUND HILL    State VA    ZIP 20141

*****************************************************************

## TO BE COMPLETED BY COURT REPORTING & RECORDING DIVISION STAFF
APPROXIMATE LENGTH OF PROCEEDINGS: _____ x 40pph = Estimate of Pages _____
### COSTS ARE ESTIMATED

| TYPES OF ORDER | | | PAGES | | COST | DEPOSIT |
|---|---|---|---|---|---|---|
| REGULAR | 30 (appeal 60) calendar days | $3.30 per page x | | = $ | | $ |
| INTER | 15 calendar days | $3.55 per page x | 20 | = $ 71 | | $ 35.50 |
| EXPEDITE | 7 calendar days | $4.40 per page x | | = $ | | $ |
| EXPRESS | 3 calendar days | $4.65 per page x | | = $ | | $ |
| DAILY | 9:00 am following business day | $5.50 per page x | | = $ | | $ |
| COPY* | Regular or Expedite Delivery | $ .83 per page x | | = $ | | $ |
| 2nd COPY* | Regular or Expedite Delivery | $ .55 per page x | | = $ | | $ |
| COPY* | Daily Delivery | $1.10 per page x | | = $ | | $ |
| 2nd COPY* | Daily Delivery | $ .83 per page x | | = $ | | $ |
| *Paper_____ ASCII_____ CONDENSE PAGE _____ | | | | $ | | $ 35.50 |

## NOTES:
1. You must pay for any portion of a transcript that was completed prior to your written notice of cancellation.
2. Appeal transcripts will not be filed with the Court of Appeals until payment is made in full.
3. You will be asked for a deposit of one half the estimated cost, based upon the time length of proceedings.
4. Failure to order a transcript in a timely fashion may result in the transcript not being available for your hearing date.
5. Payments to Court Reporters may be in the form of cash, money order, or check (made payable directly to the Court Reporter for transcripts produced by Court Reporters. Payments for transcripts produced by the Transcription Branch can be made in Room and are to be made payable to the Clerk of the Court. Payment can be made by check (attorneys only; include bar number on check) money order, or cash. Balances must be paid before picking up transcripts.
6. Transcript requests received after 4:00 p.m. are considered a transaction of the next business day.

# EXHIBIT 6

# Superior Court of the District of Columbia
## CIVIL DIVISION

TRILIA ANNE RILEY

vs.

AMER IQBAL

← AMER IQBAL

RECEIVED
Civil Clerk' Office

JAN 31 2007

Superior Court of the
District of Columbia
Washington, D.C.

No. 2007 CA 000438

Plaintiff

Defendant

## MOTION - (Pro-Se)

**MOTION OF:** DISMISSAL APPEAL for TEMPORARY RESTRAINING ORDER

(State briefly what you want the Court to do)

DISMISS THE TEMPORARY RESTRAINING
ORDER DATED 1/18/07

| Printed name: AMER IQBAL | Signature: |
|---|---|
| Address: 17648 TEDLER CIR, ROUNDHILL VA 20141 | Home phone no. |
| | Business phone no. 571-277-6276 |

## CERTIFICATE OF SERVICE

On _____ 21ST OF JANUARY _____ , 20 06 , I mailed this motion to all the lawyers in the case,
the plaintiff(s) and the defendant(s) who do not have lawyers, as listed below:

| Name: AMER IQBAL | Name: |
|---|---|
| Address: 17648 TEDLER CIR | Address: |
| ROUNDHILL VA 20141 | |
| | Signature |

## POINTS AND AUTHORITIES

(Write the reasons why the Court should grant your motion and include Court rules, laws and cases, if any, that support your reasons.)

PLEASE SEE ATTACHED MOTION OF APPEAL

Signature

# IN THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

MOTION ~~OF APPEAL~~ FOR THE DISMISSAL OF THE TEMPORARY RESTRAINING ORDER

Case No: CA 0000113-07

Petitioner:

Tricia Anne Riley

Defendant:

Amer Iqbal

This Motion of Appeal/Rehearing is brought to your Court for the appeal from the decision of the Court entry of the Temporary Restraining Order dated January 18, 2007. This Motion is made for the following reasons:

1.  The Defendant was served with the papers just few hours before this hearing; that he only had time to drive in to the courthouse; that he did not have time to seek the advise of legal counsel or prepare for his defense; and he was not ready to address the complaints by the petitioner.

2.  Despite the fact that the defendant agreed to the order requested by the Petitioner, the Defendant was initially concerned that the Petitioner was either in trouble by her family or by the security and the Defendant thought that agreeing to the consent order would assist the Petitioner; the Defendant failed to have proper legal advise as to the impact of the Order on him.

3.  We both showed interest in each other the day we met. Her response was "I don't know" in the beginning but in the very few phone calls we had, I told her that I was looking for a life long relationship and her answer was Yes. Then there was continuous encouragement from her administrators for the food and the phone calls.

4.  After couple of weeks, I received a call from the security. The next day on my son's appointment, I left a message to the director of her department to clear this misunderstanding. But she didn't come or return my call. When the security arrived, I asked them for the same but they didn't cooperate in this matter. After explaining some of the situation they showed some cooperation.

5.  Few days prior to 1/5/07, I was tipped by one of the known friend about where she lives and was told that she was interested in meeting with me. I was a bit concerned but then considered it an opportunity to clear the past misunderstanding before going to North Carolina. I was cordial with the person who opened the door for me and overall he was also understanding.

6.  The Defendant was lip tight from the beginning in order to mitigate the situation in a nicely manner. I am conservative, professional and an educated person, who understands the work ethics. The reason why I have to come back was that after putting some thought I came to the conclusion that my silence was causing more harms than benefiting anyone.

7.  The Defendant was also under duress about this whole situation since he was contacted by the security of the hospital.  The Defendant's 2-1/2 year son goes to the same hospital for treatment and the Defendant was concerned for the welfare of his son. The Defendant did not consider the legal impact the Order may have on his attendance and to the medical needs of his son. The crew of the hospital including all doctors and nurses has been very professional and caring to his son. The Defendant does not want to have anything effect his ability to continue the hospital care of his son, in future.

     Due to the Defendant being unable to timely seek legal advise or to understand the significance of the Temporary Restraining Order and its restrictive requirements; the Defendant respectfully requests an appeal/rehearing of the issuance of the Order.

Respectfully,

Amer Iqbal

17648

~~17632~~ Tedler Cir
Roundhill, Virginia 20141

## SERVICE OF APPEARANCE

In the Open Court of Hon'ary Chief Judge Rufus G. King III

Superior Court of District of Columbia
500 Indiana Ave, N.W, Room 3500
Washington D.C. 20001

Time of Appearance: February 19, 2007 @ 8:00 A.M., Room 3500

Case No: 2007 CA 0000113

Tricia Anne Riley vs Amer Iqbal

I will be appearing infront of the Hon'ary Chief Judge to discuss this matter. You are also
welcome to appear, if you like to participate in the discussion.

# EXHIBIT 7



## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

### WASHINGTON, D.C. 20001-2131

Civil Actions Branch
Clerk's Office JM-170
(202) 879-1133    (1154)

## NOTICE OF MOTION REJECTION

Date:

To: Amer Iqbal

Civil Actions Number:  07CA113

Calendar No./ Judge: Calendar No.  Cal #11 / J. Leibovitz

### THE ATTACHED MOTION IS HEREWITH REJECTED FOR THE FOLLOWING REASON(S):

☐  $20.00 filing fee was not included with your motion.

☐  Non-compliance with Rule 5(e).

☑  Other: *Party failed to include a certificate of service, and proposed order for the judge's signature.*

A copy of this *NOTICE* was sent to the Judge to whom the case is assigned, and to all of the parties listed in your certificate of service.

**A new certificate of service and a courtesy copy for the Judge (including mailing labels/envelopes) are *REQUIRED* upon re-submission of a rejected motion for filing with the clerk.**

Duane B. Delaney
Clerk of the Court

By:    Jamila Colaire
Deputy Clerk

# EXHIBIT 8

February 6, 2007

Hon'ary Judge Robert S. Tignor
Superior Court of District of Columbia
500 Indiana Ave, N.W.
Washington D.C. 20001

Dear Sir,

I like to bring your attention to a very sensitive and important matter of "Tempering with the Court Transcripts". I believe you can understand that someone has to be very careful and sure before making this statement. I would not had sent you this letter if I was not sure more than anything about this proceeding or what I am going to state in this letter especially since its only 2 weeks old. I am sending this letter with my trust in you that you will personally look into this matter.

There are sentences, which are changed in the transcript, and an important portion of the proceeding is deleted. I was told by the court reporting desk clerk room 5500 that "she has two versions of the transcripts and she is been paid for it". I considered it as a joke but now after going through the whole transcript I am really concerned about what she said. I called her earlier to check the status on it and she told me that "she is doing it herself and slowly".

When I applied for the transcript, I asked the reporting front desk clerk, if I could get a "Tape" as I had circled the tape, but she told me, I can not. When I called her today to see if the transcripts were ready, the administrator told me to call the transcript office and gave me the contact number for Lori 202-879-1090, who didn't give me any set date or time of pickup. So I came to Courtroom by myself to check today afternoon. After couple of attempts, the court reporting desk clerk gave me the transcript. After reviewing, I went back to the 5500 Room and she was not on the front desk. Another woman came and I asked her for their Supervisor and she told me that it was "Lori Edley". She dialed the number and I mentioned her that a portion of the proceeding is not in the transcript. I also asked her that I wanted to see her but she didn't want to meet me, even when I told her that's its really important. Then she told me " to highlight the portions of the incorrect transcripts and write what was missing and she will add it". I said "You have the tape and you should know it rather than myself telling you what is incorrect or missing" and then she said she will look into this and will call me tomorrow. I don't think its appropriate for the Transcript Supervisor "Lori"?, who sounded like front desk clerk to me, to ask anyone to add /or tell her what's missing in the transcripts, because I believe it's a legal document and tempering with it is a crime. Then a male showed up for few minutes and he was also not so cooperative. This tells me that something is seriously wrong here.

In this court proceeding, besides the temporary restraining order, I was married with this woman "Tricia Anne Riley" by Your Honor. I still remember yours and mine words during the proceedings, when I first said " I want her well being and goodness" and your Honor continued with "in happiness, sickness and health, and till death to not apart" and I said I do your Honor! And then Your Honor looked at her and asked her, and then her attorney as a witness and then

looked at me and said "by District of Columbia Law you both are husband and wife, and you may kiss or hug your bride".

This above portion of the hearing is totally eliminated from the transcript. Also there are other sentences which are changed or omitted. You can imagine that this is a really serious matter for anyone, and so is for me. But seeing this so important portion eliminated and non-cooperation by the court reporter clerks worries me. I think I am in serious trouble if this issue is not addressed promptly. But I also have my full faith in Your Honor and the Judges of this country and that's why I am writing this letter to inform you of this situation. I also like your Honor to look at her attorney's name in the transcript; as for as I remember it was Brad Upshaw or Brad Upshur?

I was told by the Judge that I have 14 days to file an appeal/motion on this case. I have filed a motion for dismissal. When I called to check if there was any hearing date assigned, I was told that "The Judge is sitting on it". I was surprised to hear the words of the phone attendant. I don't mean to complain on everything but there are certain things that don't make sense to any civilized person.

I have worked in the E. Barrett Prettyman Courthouse and have assisted in building the new Annex building. The Judges in this building and also other workers know my work and me very well. You can also contact JD Court Alexandria Virginia Judges, Hon'ary Judge Nolan Dawkins and Hon'ary Judge Constance Frogale and they will also tell you about my character.

I am a very responsible person who understands the legal system, especially after working in the Courthouse for sometime. Same time, I am an ordinary citizen who likes to have his normal life and exercise his rights. I am very well aware of the implications of this letter and its consequences. But I also can not ignore what I have experienced in the past few days and especially today, which I have never experienced before. I have my faith and trust in the legal system. Especially, I am trusting Your Honor and the Clerk who were present in this proceeding. I would have never written this letter to you, if I was not sure by my heart and soul about my marriage. I believe your Honor has the authority to exercise both matters at the same time, which did happen in this proceeding.

I humbly request your Honor to immediately look into this matter and help me getting the correct transcripts. Also, I request a meeting with yourself or Hon'ary Judge Rufus G. King III to discuss this matter in person on your earliest convenience. I am hoping to hear from you soon and also hoping that this matter will be resolved soon and in an amicable manner.

Best Regards,

Amer Iqbal

17648 Tedler Cir
Roundhill, Virginia 20141
Phone 571-277-6216

# EXHIBIT 9

February 08, 2007


Hon'ary Sr. Judge Robert S. Tignor
Superior Court of District of Columbia
500 Indiana Ave, N.W.
Washington D.C. 20001


Re: Revised Incorrect Transcript


Dear Sir,


I hope you have received my previous letter dated 02-06-2007, regarding the incorrect transcript. I was called today at 10:53 AM by an unknown number, which went to the voice mail. When I checked the message it was by Lori Edley, the court reporting administrator. She said that I can pick up the revised transcript from Room 5500 and that she was sorry for the inconvenience. Also she mentioned that the error was due to my "heavy accent".

When I went to the Room 5500, the same male showed up which I have mentioned in the previous letter. I asked him that I am here to pick up the transcript. He went back and brought the transcript with a yellow tab on the front page, signed dated by Lori. He told me that his name was "Brian" and then he laughed at me. He also said, "we are still doing you". I kept quiet and took the transcript and left.

When I reached home and reviewed it, I noted many changes "especially in the format", which doesn't make sense to me. I have attached a copy of the transcript for your review and you can compare it with the previous copy attached with my 02-06-2007 letter. Still, this is not the complete transcript and has omitted with an important portion of the proceeding, which I have mentioned in my previous letter. The expression (Indiscernible) is deleted from new transcript. New words and a big portion is added, which per Lori's message was not clear due to my heavy accent are both by myself and the Hon'orable Sr. Judge, and the plaintiff. I don't see a reason why it was not clear to her in her first attempt.

Your Ho'nor, this matter is getting really serious. Your court reporting department doesn't seem serious and are tempering with the court records. This new version clearly confirms my earlier complain.

This matter seriously worries me now, and that's the reason why I called your office today and requested your presence in the court of Hon'ary Chief Judge Rufus G. King III on Monday morning at 8:00 AM. I will appreciate if you can come and assist me in my following requests:

- I request your Hon'or to have an <u>Emergency Hearing</u> on tempering of transcript where I can identify the court reporting personal who have made these statements. I have checked the court reporting name's listing on court's web site with no name as Brian. The male who came both times appears to be of Korean Ethnicity. Some how I have a feeling that he is "James

Holland", and I can easily identify him. And I am sure now that this person is behind all the problems.

- Also, I request you to provide me with a copy of "Tape Recording". If there is a "Video Recording" of this proceeding, I will appreciate if you will allow me to have that too. I can also provide my own transcriber to review/ confirm the recordings, if Your Honor wishes me to do that.

- I will also appreciate if you can please setup an Emergency Hearing date on my Motion as soon as possible, with all the previous attendants, so we can resolve this matter amicably. I have my full faith in your Honor and hoping that you will assist me with fairness in this matter.

Your Honor, my son is seriously sick and is going for a bone marrow transplant soon. I don't like to send these letters but can not ignore the errors in the court records. This whole matter is hurting my work and I have to drive for 3 hours every time I come to the court. I hope Your Honor will understand the situation and will help me in resolving it in a nice manner.

Regards,

Amer Iqbal

17648 Tedler Cir
Roundhill, Virginia 20141
Phone 571-277-6216

CC: Hon'ary Chief Judge Rufus G. King III

# EXHIBIT 10

## Superior Court of the District of Columbia
### Washington, D.C. 20001

Chambers of
Robert S. Tignor
Senior Judge

February 16, 2007

Mr. Amer Iqbal
17648 Tedler Cir.
Roundhill VA 20141

Re: Riley v. Iqbal, 2007 CA 113

Dear Mr. Iqbal,

This is written in response to your letters of February 6, 2007 and February 8, 2007.

In your letter of February 6, 2007, you state, with reference to the hearing of January 18, 2007,

"In this court proceeding, besides the temporary restraining order, I was married with this woman 'Tricia Anne Riley' by Your Honor. I still remember yours and mine words during the proceedings, when I first said 'I want her well being and goodness' and your Honor continued with 'in happiness, sickness and health, and till death to not apart' and I said I do your Honor! And then Your Honor looked at her and asked her, and then her attorney as a witness and then looked at me and said "by District of Columbia Law you both are husband and wife, and you may kiss or hug your bride'."

Mr. Iqbal, no such words were spoken. The transcript appended to your letters accurately reflects what was said during the hearing, hence your request for an "emergency hearing on tampering of transcript" is denied.

I take this opportunity to remind you that if you violate the directives of the court's order of January 18, 2007, you would therefore be subject to imprisonment for contempt of court.

Sincerely,

Robert S. Tignor, Senior Judge

Copy:

Bradford J. Roegge, Esquire

# EXHIBIT 11

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
CIVIL DIVISION

- - - - - - - - - - - - - - - x
                              :
RILEY,                        : Docket Number: 2007 CA 113
          Plaintiff.          :
                              :
          vs.                 :
                              :
IQBAL,                        :
                              :
          Defendant.          :
                              : Thursday, January 18, 2007
- - - - - - - - - - - - - - - x Washington, D.C.


          The above-entitled action came on for a hearing

before the Honorable ROBERT S. TIGNOR, Senior Judge, in

Courtroom Number JIC, commencing at 2:57 p.m.


*Hold for.*

*MR. IQBAL*

*5·11-277-6216*

*√/laus*
*his° 2/8/07*

APPEARANCES:

On Behalf of the Plaintiff:

BRADFORD J. ROEGGE, Esquire
Washington, D.C.

On Behalf of the Defendant:

PRO SE

07-00177

**Deposition Services, Inc.**
6245 Executive Boulevard
Rockville, MD 20852
Tel: (301) 881-3344 Fax: (301) 881-3338
info@DepositionServices.com www.DepositionServices.com

1t

1                    P R O C E E D I N G S

2              DEPUTY CLERK:  Your Honor, recalling Civil

3    Action 113-07 in the matter of Riley versus Iqbal.  Please

4    state your names for the record.  Spell your first and

5    last name.

6              THE COURT:  All right.  Ms. Riley, beginning

7    with you, ma'am, state your full name.

8              MS. RILEY:  Tricia Anne Riley.  Last name R-I-L-

9    E-Y.

10             THE COURT:  Thank you.  Yes.

11             MR. ROEGGE:  Brad Roegge, Your Honor.  1

12   represent Ms. Riley.

13             THE COURT:  And spell your last name.

14             MR. ROEGGE:  R-O-E-G-G-E.

15             THE COURT:  Thank you.  Sir, state your name

16   please.

17             MR. IQBAL:  Amer Iqbal.

18             THE COURT:  Thank you.

19             MR. IQBAL:  A-M-E-R and last name is I-Q-B-A-L.

20             THE COURT:  All right.

21             DEPUTY CLERK:  Please raise your right hand.

22             Thereupon,

23                     **TRICIA ANNE RILEY**

24   having been called as a witness for and on behalf of the

25   plaintiff, and having been first duly sworn by the Deputy

2

1c

1    Clerk, was examined and testified as follows:

2         Thereupon,

3                        **AMER IQBAL**

4    having been called as a witness for and on behalf of the

5    defendant, and having been first duly sworn by the Deputy

6    Clerk, was examined and testified as follows:

7         DEPUTY CLERK:  Thank you.

8         THE COURT:  Now, Mr. Iqbal, as I understand this

9    matter, Ms. Riley is asking for a Court Order, which I

10   suppose would direct that you keep your distance from Ms.

11   Riley, that you not communicate with her in any way either

12   directly or indirectly, and that you essentially have no

13   contact or communication with her, and that you not be in

14   her presence at any time.  Is that what your client is

15   asking?

16        MR. ROEGGE:  Yes, Your Honor, as well as

17   contacting family members or anyone that Ms. Riley knows.

18        THE COURT:  I see.  Now --

19        MR. IQBAL:  May I, may I say something, sir?

20        THE COURT:  Well, let me, let me finish

21   explaining to you how this type of hearing proceeds.

22        MR. IQBAL:  Okay.

23        THE COURT:  She's asking for what's called a

24   Temporary Restraining Order.  Typically, these hearings

25   are resolved in one of two ways.  We can have a hearing at

3

lt

1  which both parties testify.  Ms. Riley would testify and
2  you would have an opportunity to testify under oath if you
3  so desire.  At the end of the hearing, I would determine
4  whether the prerequisites for a Temporary Restraining
5  Order have been established.  And, essentially, what I
6  would have to determine is this:  Is there a reason to
7  believe, am I satisfied that, without a Temporary
8  Restraining Order, some type of irreparable harm would
9  occur?  And other considerations would be whether I
10  thought it was likely Ms. Riley would prevail ultimately
11  in her request for preliminary injunction whether the
12  public interest was affected or not.  But generally, I'd
13  have to determine, the most important thing would be
14  whether I thought that some type of irreparable harm might
15  occur without an order.  If I believe that that was the
16  case, then I'd issue a Temporary Restraining Order.  That
17  order would restrain you from doing certain things from
18  the things I mentioned before and it would be in effect
19  for 14 days or until the next court hearing in this case,
20  until you'd come back to court.

21        Now, typically, you'd then come back to court in
22  about two weeks for a further hearing on the issue of a
23  preliminary injunction.  So that's one way in which we
24  could proceed -- have a hearing, Ms. Riley would testify,
25  you would testify, I would at the end either find that

4

1t

1  there was reason to believe that some harm might occur and
2  grant the request for an order or if I was not satisfied,
3  if I didn't think there was any basis for an order, I'd
4  simply say request for a Temporary Restraining Order is
5  denied and then it would be continued for further hearing
6  on the request for preliminary injunction.  That's one way
7  of proceeding.

8        On the other hand, often when someone is simply
9  asking for an order saying that the other person not
10  communicate with them, don't come near them, the other
11  person says, well, if that's the way you feel, that's fine
12  with me.  I don't have any desire or intention to force my
13  presence upon you.  And so in those instances, the parties
14  often agree to the entry of an order and it would be a
15  consent order. The order would say that this doesn't
16  include any findings one way or the other as to the
17  allegations, but it would direct that the defendant is not
18  to communicate with or go near the plaintiff or her family
19  or communicate with her family.

20        Do you understand what I've said thus far, sir?
21        MR. IQBAL:  Yes.  As far as the consent, Your
22  Honor, do the parties have to come to an agreement?  They
23  can talk to each other and come to an agreement or will it
24  be by you, sir?

25        THE COURT:  Well, the agreement would be reached

lt

```
 1   right here, now.  Today.

 2           MR. IQBAL:  Right.

 3           THE COURT:  And, and what I would do is simply

 4   grant a proposed order --

 5           MR. IQBAL:  Mm-hmm.

 6           THE COURT:  -- review it with both of you and

 7   see if you both agree to it.  If you agree to it, you

 8   would sign it and then I would sign it, you'd each get a

 9   copy of it, and then you'd be bound by it.

10           Now any order that's issued, whether it's by

11   consent or whether it's after a hearing, if I issue an

12   order, the parties are bound by it. So if the order

13   directed that you stay away from the plaintiff or that you

14   not communicate with her, if you violated that order, that

15   would be cause to have you imprisoned for up to 180 days

16   for contempt of court for violating the order.

17           Does that answer your question?  Do you have any

18   more questions about it?

19           MR. IQBAL:  Yes.  I have a couple of questions

20   to ask and then I think, you know, there's a couple of

21   things.  You know, first of all, that I think everybody's

22   listening.  So I don't intend you any harm or any, any

23   problems, you know, to her or her family in any case or

24   form.  As far as the, I, I, that's my belief, you know?  I

25   don't know how she --
```

6

lt'

```
 1              THE COURT:  Well, let me ask you this.

 2              MR. IQBAL:  -- will proceed.  You know, right.

 3              THE COURT:  Obviously, at this point, it's clear

 4   that regardless of how innocent your intentions have been

 5   and are now, at this point, I think it's clear that she

 6   just doesn't want you to communicate with her or her

 7   family and, and she just doesn't want to have any contact

 8   with you whatsoever.  Now are you agreeable to consenting

 9   to that or do you --

10              MR. IQBAL:  If that's what she wants, I think,

11   you know, that my word is good enough.  I won't contact

12   her.

13              THE COURT:  Well, is that what your client

14   wants?  No contact?

15              MR. ROEGGE:  Well, no contact, but, obviously,

16   we'd want that in the terms of a consent form, yes.

17              THE COURT:  I understand she wants an order.

18              MR. ROEGGE:  Yes.

19              THE COURT:  That's why we're here.

20              MR. ROEGGE:  No, no contact with her, no contact

21   with her family, no calls to her work, her co-workers,

22   continued attempts to try to communicate with her.

23              THE COURT:  That's what you want, ma'am?

24              MS. RILEY:  Yes.

25              THE COURT:  All right.  There's no doubt in your
```

1    mind that that, that is what you want?

2              MS. RILEY:  That's correct.

3              THE COURT:  All right.  So that is what Ms.

4    Riley wants.  Do you have any objection to that?

5              MR. IQBAL:  Can you please explain to me the --

6    on the consent order, how it will be shaped or implicated

7    and the timeframe?  One more thing which I'd like to ask,

8    actually.

9              THE COURT:  The timeframe is if you, in a

10   consent order would be in effect for one year.

11             MR. IQBAL:  Or upon whenever she wants to remove

12   it.

13             THE COURT:  No, once it's an order --

14             MR. IQBAL:  I believe --

15             THE COURT:  -- once it's signed by the court,

16   the only way you can remove it is to have Ms. Riley come

17   back to court and have the order rescinded.  In other

18   words, if a consent order is entered between the parties

19   --

20             MR. IQBAL:  Right.

21             THE COURT:  -- and then a week from now the

22   parties decide they want to be friends or they want to

23   have contact, they can't do that unless and until they

24   come back to the court --

25             MR. IQBAL:  Mm-hmm.

8

1t

```
 1         THE COURT:  -- to get the order terminated or
 2  vacated or rescinded.
 3         MR. IQBAL:  Well --
 4         THE COURT:  But once it's signed by a judge --
 5         MR. IQBAL:  Mm-hmm.
 6         THE COURT:  -- it's, it's the Court's order and
 7  the Court would be inclined to imprison anyone that
 8  violates the order.
 9         MR. IQBAL:  I understand, Your Honor.
10         THE COURT:  So you should expect that if you
11  enter a consent order, it will remain in effect for a year
12  and you'll be bound by it.
13         MR. IQBAL:  I have a question and, for Ms. Riley
14  and that's --
15         THE COURT:  Well, you present the question to me
16  and if I think it's appropriate, I'll present it to Ms.
17  Riley.
18         MR. IQBAL:  Sure.
19         THE COURT:  What is your question?
20         MR. IQBAL:  My son is, goes into the same
21  hospital she works in and --
22         THE COURT:  How old is your son?
23         MR. IQBAL:  He's about two and a half years old.
24         THE COURT:  I see.  And so your question is?
25         MR. IQBAL:  Right now, he's going to the Duke
```

9

1t

1   Hospital in North Carolina for treatment. If he, after six
2   months, most likely he will come back.  He's going for a
3   bone marrow transplant.

4           THE COURT:  I see.

5           MR. IQBAL:  If he comes back and he needs
6   treatment in the Georgetown Hospital for the hematology
7   oncology, I hope that it's no restraint on his visitation.
8   I believe that it's no restraint on his visitation or my
9   taking him to the hospital.

10          THE COURT:  Well, well, the order could provide
11  that you could attend and be at the hospital, but only as
12  is necessary to tend to your son. So, of course, if you
13  need to take your son to the hospital or pick him up or to
14  visit him at the hospital, then that would be permitted,
15  but during such visits, you would still be required to
16  stay away from Ms. Riley.  So that if you happened to see
17  her in the hallway, you'd have to go the other direction.

18          MR. IQBAL:  That's fine.

19          THE COURT:  You could say nothing to her, you
20  could have no communication with her, because I take it,
21  it's not necessary that Ms. Riley treat your son, is it?
22  Is that, are you anticipating that?

23          MR. IQBAL:  She's in a different department.

24          THE COURT:  I see.  So that's not an issue.
25  You're just concerned that, well, maybe I'll be taking my

10

1t

```
 1 │ son to the hospital or bringing him back --
 2 │           MR. IQBAL:  That's correct.
 3 │           THE COURT:  -- and if I see Ms. Riley, if --
 4 │           MR. IQBAL:  Yes.
 5 │           THE COURT:  -- that happens, you simply have to,
 6 │ to walk in the other direction and avoid her and say
 7 │ nothing to her.  As soon as you see her, you make a turn
 8 │ and go in the other direction.
 9 │           MR. IQBAL:  That's fine.
10 │           THE COURT:  All right.  Well, what I will do is
11 │ draft a proposed order.  I'll review it with both of you
12 │ and --
13 │           MR. IQBAL:  I'd still like to enter it, you
14 │ know, to Your Honor that even during the time, the
15 │ (indiscernible) of this, I got a chance to read the points
16 │ in this, I rather not going to in to it, I don't think it
17 │ would be appropriate to go into a lot more detail.  A lot
18 │ of it is true.
19 │           THE COURT:  Yes, sir.  Well, certainly if we
20 │ resolve this by way of consent or I'll say on the consent
21 │ order that the Court makes no findings whatsoever as to
22 │ whether or not any inappropriate conduct has occurred.  In
23 │ other words, I'll make it clear that the order is entered
24 │ solely because the parties are in agreement with the
25 │ consent to it.
```

lt

1          MR. IQBAL:  Right, and that's basically my

2    intent too that to convey the message that I, I only want

3    her well-being or, you know, the goodness, but if there's

4    a problem because of me --

5          THE COURT:  All right.  Now this is what the

6    order would say.  It would say upon consideration of the

7    plaintiff's application for Temporary Restraining Order

8    and the record herein and the consent of the parties, it

9    is ordered as follows:  First, that the defendant, you,

10   Mr. Iqbal, shall stay, and typically these orders say at

11   least 100 feet away from the plaintiff's person, that

12   means wherever she is, and from her home and from her

13   workplace.  That's at Georgetown Hospital.  And I would

14   add language that says except that defendant may be

15   present at Georgetown University Hospital when necessary

16   to assist his two-year-old son or his son, his minor son

17   in connection with treatment at the hospital.  I would say

18   at such times though, defendant is to stay at least or as

19   far away from the plaintiff as is practically possible.

20   So that would mean that, as I said before, if you see her

21   in the hallway, you have to go in a different direction.

22   Stay as far away from her as practically possible.

23          MR. IQBAL:  Can I ask a question through you to

24   Ms. Riley that I will, I will do it anyway.  I don't

25   think, you know, we will need a Court Order for that.

lt

1          THE COURT:  All right.  Yes, sir.  Well, I, you
2    know, I, I have no reason to doubt that, but I think at
3    this point, Ms. Riley's position is that -- while it may
4    very well be that your word is sufficient in this regard,
5    for her peace of mind, she wants a Court Order.  So
6    that's, that's her position.
7          MR. IQBAL:  Well, I still believe that there's
8    no need as far as, you know, we are here and --
9          THE COURT:  All right.
10          MR. IQBAL:  -- I believe, you know, we are on
11    the same page.  So --
12          THE COURT:  All right.
13          MR. IQBAL:  -- if she can agree to it.
14          THE COURT:  All right, fine.  Well, let me, let
15    me finish describing to you what the order would say.  You
16    have to stay at least 100 feet away from plaintiff's
17    person, home, and workplace.  And as I said, I'll add this
18    language.
19          (Pause.)
20          THE COURT:  All right.  Ms. Riley, Mr. Iqbal,
21    this is what the order would say if you are both in
22    agreement with it.  Upon consideration of the plaintiff's
23    application for a Temporary Restraining Order and the
24    record herein and the consent of the parties, it is by the
25    Court, this 18th$^h$ day of January, ordered:  One,

13

lt

1    defendant, Mr. Iqbal, shall stay at least 100 feet away
2    from the plaintiff's, that is Ms. Riley's, person, home,
3    and workplace, except that the defendant may be present at
4    Georgetown University  Hospital whenever necessary to
5    assist with the treatment of his minor child.  At such
6    times, the defendant, Mr. Iqbal, will stay as far away
7    from the plaintiff as is practically possible.

8            Two, defendant shall not contact -- and then I
9    put in parenthesis, that means communicate with the
10   plaintiff in any manner including, but not limited to, by
11   telephone or in writing or in any other manner either
12   directly or indirectly through a third party.  And in that
13   connection, I put parenthetically, defendant is not to
14   communicate with or go within 100 feet of any relative or
15   known friend or associate of the plaintiff's. So that
16   means you can't communicate with her directly or
17   indirectly, and indirectly would mean through third
18   parties, including Ms. Riley's relatives or friends or
19   associates.

20           MR. IQBAL:  Can I ask a question, Your Honor?
21           THE COURT:  Yes.
22           MR. IQBAL:  Well, I believe, you know, there's
23   some -- I understand, you know, the language on the court
24   order and --
25           THE COURT:  Well, let me, let me finish, finish

14

1t

```
 1  reading and then, just jot, make a mental note of whatever
 2  question you had and then I'll answer all the questions
 3  you have.
 4             MR. IQBAL:  Sure.
 5             THE COURT:  All right.  Third, it says the Court
 6  makes no findings whatsoever as to whether any
 7  inappropriate conduct has occurred.  Fourth, this order
 8  shall remain in effect until January 17th, 2008.  That's a
 9  year from now.  All right.
10             So, I'm sorry, what was your question?
11             MR. IQBAL:  I just had a question that I believe
12  we have common, because my son is sick, so I communicate
13  with the doctors.
14             THE COURT:  Mm-hmm.
15             MR. IQBAL:  I believe, you know, I will -- I
16  understand the care and not have, you know, discussion
17  about her or because, but in any case, I believe that the
18  regular talking, if there is any friends or something,
19  it's not considered, you know, prohibited.
20             THE COURT:  Well, as long as you don't mention
21  Ms. Riley's name or refer to her, I mean, she is, is there
22  any reason to think that Ms. Riley will in the future be
23  involved with the treatment of your son?  Because you can
24  --
25             MR. IQBAL:  I will -- considering the nature,
```

1t

 1 | you know, and the situation right now, I will still care
 2 | if my son will go to Georgetown and he has to go to her
 3 | department, then I will try to make some other
 4 | arrangements that --

 5 | THE COURT: If you can, but I mean this is in no
 6 | way intended to interfere with your care and assistance to
 7 | your son. So as long as you keep whatever you say or do
 8 | focused on what is necessary to help your son, then this
 9 | order has nothing to do with that.

10 | MR. IQBAL: That's fine.

11 | THE COURT: All right. So it says no
12 | communication directly or indirectly through third,
13 | through a third party and then in parenthesis I put,
14 | defendant shall stay away from and not communicate with
15 | plaintiff's friends and relatives.

16 | Yes, sir?

17 | MR. IQBAL: Relatives is -- friends mean, you
18 | know, that like, I mean, common doctors or they can also
19 | come into the same area.

20 | THE COURT: Well, yes, but you can communicate
21 | --

22 | MR. IQBAL: I mean I don't have to, I don't have
23 | to talk about her, but I believe, you know, I can have
24 | other discussion or because I have some family friends, I
25 | visit them and I believe that they --

lt

```
 1              THE COURT:  Okay.  All right.  So relatives,
 2   that's no problem, but friends -- you're concerned that
 3   perhaps someone that you need to talk to at the hospital,
 4   unrelated to Ms. Riley, might also be a friend of Ms.
 5   Riley's?
 6              MR. IQBAL:  Right.
 7              THE COURT:  Okay, fine.  Well, I'll cross out
 8   friends.
 9              MR. ROEGGE:  Or you could just say, Your Honor,
10   in an effort to communicate.
11              THE COURT:  No, I think that's a little, I'll
12   cross out friends, but I'll just say that --
13              MR. IQBAL:  I know we are going deep.  I don't
14   think, you know, there will be, like I already said, you
15   know, I don't have any --
16              THE COURT:  But, but the thing that you need to
17   keep in mind is --
18              MR. IQBAL:  Right.
19              THE COURT:  -- that any conversation you have
20   with anyone, make sure that you don't mention or refer in
21   any way to Ms. Riley.  So I think that will be sufficient.
22   You have to make sure you don't do anything that might be
23   interpreted as an indirect way to communicate with Ms.
24   Riley.
25              MR. IQBAL:  Right.  I understand.
```

1t

|   1 | THE COURT: All right. Now in just a moment,
|   2 | I'll give this proposed order to each of you to review.
|   3 | If you agree to it, there's a place for each of you to
|   4 | sign on this form. Now if the two of you sign it, I'll
|   5 | sign it and it becomes an order of the Court. From that
|   6 | moment on, until a year from now, Mr. Iqbal, you are bound
|   7 | by it. And if you violate it in any way, you should
|   8 | expect that would cause you to be imprisoned for contempt
|   9 | of court.
|  10 | All right. Do you understand what I just said,
|  11 | Mr. Iqbal?
|  12 | MR. IQBAL: Yes, Your Honor, I do.
|  13 | THE COURT: All right.
|  14 | (Pause.)
|  15 | MS. RILEY: That's fine, Your Honor.
|  16 | THE COURT: All right. Sign where it says
|  17 | plaintiff. All right. You can give it to Mr. Roegge. He
|  18 | can, all right. All right. And as much as the parties
|  19 | agree to it, I will sign it and it now becomes an order of
|  20 | the Court. If you'll wait outside, you will each be given
|  21 | a copy of the order. Keep that with you. It's -- it
|  22 | would be a very important thing for you to have for the
|  23 | next year.
|  24 | MR. IQBAL: Is it possible, Your Honor, that it
|  25 | can be mailed to my home address?

18

.lt

```
 1                  THE COURT:  Mailed to your --
 2                  MR. IQBAL:  I can, I can pick it up, that's
 3      fine.
 4                  THE COURT:  No, I prefer -- if you'd just wait
 5      here, it'll just take a moment.
 6                  MR. IQBAL:  Okay.  That's fine.
 7                  THE COURT:  And, it'll just take a moment.
 8                  MR. IQBAL:  Sure.
 9                  THE COURT:  All right.  As a matter of fact, Ms.
10      Reed, if you could, if you could just make copies for them
11      right here while we wait here.
12                  DEPUTY CLERK:  Okay.
13                  (Pause.)
14                  MR. ROEGGE:  Thank you very much.
15                  MR. IQBAL:  Thank you.
16                  THE COURT:  Okay.  Fine.  So the record will
17      reflect that everyone has a copy.  And as the record now
18      stands, there's no finding that anyone has done anything
19      inappropriate, anything wrong, but the record is clear
20      that Ms. Riley has made very clear her desire that you
21      just have no more contact with her.  And so, I accept your
22      word that you will honor that request and that's been
23      formalized by the order and so, hopefully that will end
24      the matter.  All right.
25                  MR. IQBAL:  Yes, sir.
```

ɹt

```
 1              THE COURT:  Thank you.  And I wish the best for
 2   your son, sir, in all of --
 3              MR. IQBAL:  Thank you very much.
 4              THE COURT:  -- his treatment.
 5              MR. IQBAL:  That's good.  He's in good care.
 6              THE COURT:  Well, I'm sure Georgetown is a fine
 7   institution and so he --
 8              MR. IQBAL:  They've been -- actually they are
 9   the ones to start the procedure and actually we were at
10   Duke a couple of days back and --
11              THE COURT:  I see.
12              MR. IQBAL:  We have good news.  So it's --
13              THE COURT:  Well, that's really good.
14              All right.  Thank you very much.
15              MR. ROEGGE:  Thank you, Your Honor.
16              MR. IQBAL:  Thank you.
17              MR. ROEGGE:  I appreciate that.
18              THE COURT:  Um-hmm.
19              (Thereupon, the hearing was concluded.)
20
21
22
     √   Digitally signed by Lori A. Tackett
```

## ELECTRONIC CERTIFICATE

I, Lori A. Tackett, transcriber, do hereby certify that I have transcribed the proceedings had and the testimony adduced in the case of RILEY vs. IQBAL, Case No. CA 113-07 in said Court, on the 18th day of January 2007.

I further certify that the foregoing 20 pages constitute the official transcript of said proceedings as transcribed from audio recording to the best of my ability.

In witness whereof, I have hereto subscribed my name, this 26th day of January 2007.

*Lori A. Tackett*

Transcriber

(Transcript Reviewed by Lori Edley, 2-7-07)

21

# EXHIBIT 12

MAR 05 2007

## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

| | |
|---|---|
| **TRICIA ANN RILEY**<br>Plaintiff | :<br>:    **Civil Action No. 2007 CA 000113B**<br>: |
| v. | :<br>: |
| **AMER IQBAL**<br>Defendant | :<br>:    **Judge Lynn Leibovitz**<br>: |

## ORDER

This matter is before the court on Defendant's Motion to Dismiss Temporary

Restraining Order, filed on January 31, 2007.

The Defendant failed to file proof of service of her motion as required by Rule 5-I

of the D.C. Superior Court Rules of Civil Procedure. Therefore, it is this 28th day of

February 2007,

**ORDERED** that the Defendant's Motion to Dismiss Temporary Restraining

Order is **DENIED** without prejudice.

**Lynn Leibovitz**
**Associate Judge**
**(signed in chambers)**

cc:

Amer Iqbal
17648 Tedler Circle
Roundhill, VA 20141

Bradford J. Roegge
101 South Washington Street
Rockville, MD 20850

MAILED From Chambers MAR 02 2007
DOCKETED In Chambers MAR 02 2007



Tricia Ann Riley
3800 Reservoir Road, NW
Kober Cogan Hall #101
Washington, DC

# EXHIBIT 13

# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## MARRIAGE BUREAU
### INFORMATION FOR MARRIAGE LICENSE APPLICATION

License No: _____  Date: _____  Book No.: _____  DISTRICT OF COLUMBIA  Page No.: _____

Fee Paid: _____ Date on Premarital Blood Test Cards: _____ 2001 FEB 23 A  Civil Wed.: _____
    Y/N  (Blood test results are good for 30 days from date taken.)  RECEIVED
Consent Date: _____/_____ Waiver Date: _____  OFFICE OF THE MARRIAGE BUREAU DIVISION

I, (Applicant) _____ AMER _____ IQBAL
   Prefix   First                    MI      Last
do solemnly swear (affirm) that the answers to the following questions true, correct and complete.

Officiant Name: ___ ROBERT ___ S. ___ TIGNOR
   Prefix   First            MI        Last

Groom's Name: AMER ___ IQBAL ___ DOB: 01/02/1975 Age: 32
   First   MI   Last

Groom's S.S. No: 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 Telephone Nos. (H) 5712776216 (W) _____

Former Marriages # 1 Status: DIVORCED if Divorced, Where was Decree Obtained? PUNJAB/PAKISTAN
                                               City/State

Do you have any pending criminal matters? Yes _____ No ✓

Legal Residence 17648 TEDLER CIR ROUNDHILL VA 20141
    Street Address          City          State        Zip Code

Bride's Name: TRICIA A RILEY ___ DOB: 05/07/1974 Age: 33
   First   MI   Last

Bride's S.S. No: _____ Telephone Nos. (H) _____ (W) 202-687-5176

Former Marriages # _____ Status: _____ if Divorced, Where was Decree Obtained? _____
                                             City/State

Do you have any pending criminal matters? Yes _____ No _____

Legal Residence 3800 RESERVOIR ROAD, NW. WASHINGTON D.C. 20007  KOBER COGAN HALL #101
    Street Address          City          State   Zip Code

Kinship Between Bride and Groom: _____ NONE _____
                            (Blood Relationship)

I understand that any intentional misrepresentation and/or omission of the above information is subject to criminal sanction for perjury pursuant to D.C. Code Section 46-410.

APPLICANT SIGNATURE (S):

                   07/20/07

TO REPORT WASTE, FRAUD, OR ABUSE BY ANY D.C. GOVERNMENT OFFICE OR OFFICIAL, CALL THE D.C. INSPECTOR GENERAL AT 1-800-521-1639.

Subscribed and sworn to before me this _____ day of _____

        Clerk of the Court,
            by Deputy Clerk _____

# EXHIBIT 14



AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
## District of Columbia

AMER IQBAL

V.

SUPERIOR COURT OF DISTT
OF COLUMBIA
500 INDIANA AVE, N.W.
WASHINGTON D.C. 2000

**SUMMONS IN A CIVIL CASE**

CASE NUMBER 1:07CV00408

JUDGE: Ricardo M. Urbina

DECK TYPE: Antitrust

DATE STAMP: 02/28/2007

TO: (Name and address of Defendant)

TRICIA ANNE RILEY
3800 RESERVOIR RD. N.W.
GEORGETOWN HOSPITAL, KOBER COGAN HALL #101
WASHINGTON, D.C. 20007

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

AMER IQBAL
+ 17648 TEDLER CIR.
ROUNDHILL, VA 20141

an answer to the complaint which is served on you with this summons, within _____20_____ days after service
of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for
the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this
Court within a reasonable period of time after service.

NANCY MAYER-WHITTINGTON

CLERK

(BY) DEPUTY CLERK

FEB 2 8 2007

DATE

Rev. 4/04

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

# INITIAL ELECTRONIC CASE FILING
# ORDER

Subsequent filings in this case must be made electronically using the Court's Electronic Case Filing System (ECF) pursuant to Local Rule 5.4.

ORDERED that counsel shall:

- Submit in paper, the original and copy of the complaint/notice of removal/petitions for habeas corpus and any accompanying papers (**not including summons and civil cover sheets**). Additionally, litigants are hereby required to provide those filings in PDF Format on a floppy disk or CD-Rom compact disk. The disk should be clearly labeled with the case number (if known) and the name of the parties. If unable to deliver the filing on a disk at the time of the new case filing, counsel should e-mail the initiating document and accompanying papers to dcd_cmecf@dcd.uscourts.gov by the close of business the day the new case was filed. Failure to supply electronic copies of the new case in a timely manner, will result in the attorney's name being added to the attorney non-compliant list and shared with the Court's ECF Judge's Committee. **Regardless of what option counsel chooses, the complaint/notice of removal and accompanying papers must come to the Court as PDF documents. Each exhibit to the new case shall be in a separate PDF file.** Failure to submit PDF versions of the complaint/notice of removal and other documents will delay the opening of the case in ECF.

- Register, if not previously registered, to become an electronic filer by completing and returning the enclosed ECF Registration Form found on the Court's Website at (www.dcd.uscourts.gov). The login and password are case specific and can be used for all cases.

- Make all subsequent filings electronically. This is mandatory.

- Have a PACER (Public Access to Court Electronic Records) account, in order to view dockets and documents. Call 1-800-676-6856 or visit www.pacer.psc.uscourts.gov for additional information.

- Schedule a training class at the Courthouse by going to the Court's ECF Internet Website (www.dcd.uscourts.gov/ecf.html). Also, filing instructions and an interactive tutorial can be found at this Internet Website.


URBINA, J. RMU
_____
UNITED STATES DISTRICT JUDGE

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

### ELECTRONIC CASE FILES
### Attorney/Participant Registration Form

## LIVE SYSTEM

This form shall be used to register for an account on the Court's Electronic Case Files (ECF) system and to subscribe to the ECF EMail (Listserver) notification service. Registered attorneys and other participants will have privileges both to electronically submit documents, and to view and retrieve electronic docket sheets and documents for all cases assigned to the Electronic Case Files system. Listserver subscribers receive email messages whenever the Court wishes to electronically notify ECF registrants of pertinent ECF information.

The following information is required for registration:

If you are appointed pro bono or pro hac vice, please provide the case number: _____

First Name/Middle Initial/Last Name    _____   _____   _____

Last four digits of Social Security Number    _____

DC Bar ID#:    _____

Firm Name    _____

Firm Address    _____
_____
_____

Voice Phone Number    _____

FAX Phone Number    _____

Internet E-Mail Address    _____

By submitting this registration form, the undersigned agrees to abide by the following rules:

1.    This system is for use only in cases permitted by the *U.S. District Court for the District of Columbia*. It may be used to file and view electronic documents, docket sheets, and notices. Please visit the Court's ECF Internet, www.dcd.uscourts.gov, website to schedule training.

2.    Pursuant to Federal Rule of Civil Procedure 11, every pleading, motion, and other paper (except list, schedules, statements or amendments thereto) shall be signed by at least one attorney of record or, if the party is not represented by an attorney, all papers shall be signed by the party. An attorney's/participant's password issued by the court combined with the user's identification, serves as and constitutes the attorney's/participant's signature. Therefore, an attorney/participant must protect and secure the password issued by the court.

If there is any reason to suspect the password has been compromised in any way, it is the duty and responsibility of the attorney/participant to immediately notify the court. This should include the resignation or reassignment of the person with authority to use the password. The Court will immediately delete that password from the electronic filing system and issue a new password.

3. An attorney's/participant's registration will not waive conventional service of a summons and complaint, subpoena, or other judicial process; submit the client to the jurisdiction of the Court; or operate as a consent to accept service of pleadings, documents, and orders in actions in which such attorney/participant has not entered an appearance. An attorney's/participant's registration will constitute a waiver in law only of conventional service of other non-process pleadings, documents, and orders in the case. The attorney/participant agrees to accept, on behalf of the client, service of notice of the electronic filing by hand, facsimile or authorized e-mail.

4. Upon receipt of your login and password, you are strongly encouraged to change your password, which may be done through the Utilities function, to a name easily recalled. You may be subjected to a fee, should the Clerk's Office have to create a new password for you, or alternatively, you may be required to appear in person to receive your new password.

5. Attorneys who are active members of the bar of this Court, or government attorneys who are employed or retained by the United States, or who have been permitted to proceed *pro hac vice*, must file pleadings electronically.

Please return this form to:

U.S. District Court for the District of Columbia
Attn:   Attorney Admissions
333 Constitution Avenue NW, Room 1825
Washington, DC 20001

Or FAX to:

Peggy Trainum
U.S. District Court for the District of Columbia
(202) 354-3023

Applicant's Signature    _____

_____        _____        _____
Full Last Name          Initial of      Last 4 Digits SS#
                        First Name

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

Nancy M. Mayer-Whittington
Clerk

## NOTICE OF RIGHT TO CONSENT TO TRIAL
## BEFORE UNITED STATES MAGISTRATE JUDGE

The substantial criminal caseload in this Court and the requirements of the criminal Speedy Trial Act frequently result in a delay in the trial of civil cases. Aware of the hardship and expense to the parties, counsel, and witnesses caused by the delays which are beyond the control of the Court, this notice is to advise you of your right to a trial of your case by a United States Magistrate Judge. By statute, 28 U.S.C. § 636(c), Fed.R.Civ.P.73 and Local Rule 502, the parties, by consent, can try their case by means of a jury trial or bench trial before a United States Magistrate Judge. Appeals from judgments and final orders are taken directly to the United States Court of Appeals for the District of Columbia Circuit, in the same manner as an appeal from a judgment of a District Judge in a civil case.

### WHAT IS THE PROCEDURE?

One of the matters you are required to discuss at the meet-and-confer conference mandated by Local Rule 206 is whether the case should be assigned to a United States Magistrate Judge for all purposes, including trial.

All parties must consent before the case is assigned to a Magistrate Judge for trial. You may consent at any time prior to trial. If you expressly decline to consent or simply fail to consent early in the case, you are not foreclosed from consenting later in the case. However, a prompt election to proceed before a Magistrate Judge is encouraged because it will facilitate a more orderly scheduling of the case.

Attached is a copy of the "Consent to Proceed Before a United States Magistrate Judge for All Purposes" form. Your response should be made to the Clerk of the United States District Court only.

### WHAT IS THE ADVANTAGE?

The case will be resolved sooner and less expensively. The earlier the parties consent to assigning the case to a Magistrate Judge the earlier a firm and certain trial date can be established, even if the case is to be tried to a jury.

Upon the filing of the consent form and with the approval of the District Judge, the case will be assigned for all purposes to a Magistrate Judge.

CO-942A
Rev 3/95
Rev 7/99

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA


Amer Iqbal
17648 Tedler Circle
Roundhill, Virginia 20141
Phone 571-277-6216                    CASE NUMBER   1:07CV00408

VS                                    JUDGE: Ricardo M. Urbina

Superior Court of District of Columbia  DECK TYPE: Antitrust
500 Indiana Ave, N.W.
Washington D.C. 20001                 DATE STAMP: 02/28/2007
Case # 2007 CA 113

TRICIA ANNE RILEY             COMPLAINT
3800 RESERVOIR RD, N.W.
GEORGETOWN HOSPITAL, KOBER COGAN HALL #101
WASHINGTON D.C. 20007

This Motion has been prayed to hear this matter in this court against the Superior Court
of District of Columbia, 500 Indiana Ave N.W. Washington DC 20001 on the basis of the
following reasons:


1.  The plaintiff was summoned to appear in the superior court case above mentioned few hours
    before the hearing. That he only had time to appear in the court, was not ready to address the
    complaints the other party 'Tricia Anne Riley' and did not had time to properly seek counsel
    or advice from an attorney. As a result of this hearing, the petitioner agreed to enter a consent
    restraining order.

2.  Also that the petitioner was married with her in the same hearing; as mentioned in his Feb 06,
    2007 letter to the Hon'ary Sr. Judge. The petitioner requested a copy of the transcript in the
    form of tape to confirm the same; but was handed two different versions of the transcript. He
    had notified the court about the problems in the transcripts in both of his letters, dated Feb 06,
    2007 and Feb 08, 2006 to the Hon'ary Sr. Judge.

3.  That the petitioner tried to meet with the Hon'ary Sr. Judge in person to address those
    complaints but was told by the clerk that he was on vacation until April 2007. On 02/12/07,
    the petitioner met with the Chief Judge, who allowed him to review the transcript recording
    by himself. As a result, he was given a print of court tag report of the recording of my case
    with only few minutes of my case and another case mixed in. I showed this to the Chief
    Judge, who acknowledged that this was the only correct transcript of my case. There were
    also stops and interruptions in the recordings on the server.

4.  That the petitioner had filed a motion of rehearing/ dismissal for the consent restraining order.
    After multiple attempts, he has been unable to get a hearing date from the court. He is been
    transferred back and forth between different offices and there was no cooperation by the court
    clerks. Then he received two incorrect versions of the rejection letters on the hearing, where
    as the true motion for rehearing was submitted on 01/31/2007 in person by him. He faxed a

copy of this on 02/15/07 to Chief Judge's Chamber and his Honor agreed to see me on 03/05/2007.

5. On 02/21/07, he received a letter dated 02/16/07 by the Sr. Judge Robert S. Tignor rejecting my request for the rehearing on the incorrect transcripts and also stating that my paragraph that I was married with Tricia Anne Riley in my Feb 06, 2007 letter, those words were never spoken in this hearing.

Under these circumstances, the petitioner has left with no choice than to request to move my case to this court for hearing. Also, the petitioner likes to address this court the inconsistencies in the court transcripts and recording.

Also, the petitioner requests this court to discipline the court personal for their improper behavior and help him in correcting the records. The petitioner also prays this court for unspecified amount of damages as a result of the non-cooperation and stress caused by this matter. The petitioner believes that he will not be able to receive justice in the superior court anymore and would like to hear this matter here.

Sincerely,

02/28/07

Amer Iqbal

17648 Tedler Cir
Roundhill, Virginia 20141
Phone 571-277-6216

United States District Court
for the District of Columbia

**RECEIVED**

Amer Iqbal                    Case# 07-408 RMU    FEB 2 8 2007
17648 Tedler Cir
Round hill, VA 20141

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

VS

Superior Court of District of Columbia
500 Indiana Ave, N.W.
Washington D.C. 20001
   Case# 2007 CA 113

TRICIA ANNE RILEY
3800 Reservior Rd, N.W.
GEORGETOWN HOSPITAL
KOBER COGAN HALL #101
WASHINGTON D.C. 20007

This motion is being prayed to this court to transfer the Case # 2007 CA 113 (Tricia Anne Riley vs Amer Iqbal) on the basis of following reasons:

1 - The petitioner has already stated his reasons regarding transcript problems in his complaint.

2 - The petitioner has received two letters from Sr. Judge Robert S. Tignor that cause him grave concern, the letters are dated Feb 16 and Feb. 26, 2007. One of which is pertaining to a phone message by the other party. The petitioner has called Sr. Judge office and have spoken to the clerk's requesting a rehearing on the matter with no positive response.

Therefore, the petitioner requests the Hon'ary Judge to include and transfer my Case # 2007CA in this court, also requests to transfer all the records on this case to this court.

Sincerely.

02/26/07

Amer Iqbal

17648 Tedler Cir

Roundhill, VA 20141

Phone 571-277-6216