UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | | |
|---|---|---|---|
| AMER IQBAL, | : | | |
| | : | | |
| Plaintiff, | : | Civil Action No.: | 07-408 (RMU) |
| | : | | |
| v. | : | Document No.: | 7 |
| | : | | |
| SUPERIOR COURT OF THE DISTRICT OF COLUMBIA, | : | | |
| | : | | |
| Defendant, | : | | |
| | : | | |
| TRICIA ANNE RILEY | : | | |
| | : | | |
| Defendant. | : | | |

| | | | |
|---|---|---|---|
| TRICIA ANNE RILEY | : | | |
| | : | | |
| Plaintiff, | : | Civil Action No.: | 07-452 |
| | : | | |
| v. | : | | |
| | : | | |
| AMER IQBAL | : | | |
| | : | | |
| Defendant. | : | | |

**MEMORANDUM OPINION**

**GRANTING LITIGANT RILEY'S MOTION TO DISMISS CIVIL ACTION NO. 07-408; *SUA SPONTE* TRANSFERRING CIVIL ACTION NO. 07-452 TO THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**

**I.   INTRODUCTION**

These cases stem from proceedings before Judge Robert Tignor of the Superior Court of the District of Columbia. On January 18, 2007, Judge Tignor conducted a hearing on litigant Tricia Riley's application for a temporary restraining order. At that hearing, Judge Tignor ordered Amer Iqbal to stay at least 100-feet away from Riley and to refrain from engaging in

communication with her. In civil action number 07-408, Iqbal challenges Judge Tignor's order on several grounds: that Iqbal was not prepared to address Riley's complaints raised in that hearing; that Iqbal and Riley were married at the time Judge Tignor conducted the hearing; that Iqbal was denied the opportunity to later meet with Judge Tignor to discuss the matter; that Iqbal has to date been unable to get a hearing date from Judge Tignor to consider the matter; and that Judge Tignor denied Iqbal's repeated requests for a hearing. Compl., Civ. No. 07-408 (Feb. 28, 2007). As a result of these issues, Iqbal "has [sic] left with no choice than to request to move my case to this court for hearing [and] to address [sic] this court the inconsistencies in the court transcripts and recording." *Id.* at 2.

Responding to Iqbal's filings in the Superior Court, Riley filed a complaint in the Superior Court of the District of Columbia seeking issuance of a civil contempt order against Iqbal. Iqbal, on March 8, 2007, filed a notice of removal of the contempt case to this court. The Clerk of the Court assigned the removed case civil action number 07-452. In that case, Riley alleges that Iqbal stands in violation of Judge Tignor's January 18, 2007 order. Specifically, she claims that Iqbal has "violated the directives of the TRO. He has communicated in writing with Plaintiff in the form of the Service of Appearance . . . [h]is constant filings with the Court, which have all been served on Plaintiff, constitute continual direct and indirect communication with and harassment of Plaintiff." Compl., Civ. No. 07-452 (Feb. 27, 2007) ¶ 9. Riley also alleges that Iqbal is a danger to her and to the public at large. *Id.* ¶ 10. For the reasons set forth below, the court dismisses civil case 07-408 and transfers civil case 07-452 back to the Superior Court of the District of Columbia.

## II.   ANALYSIS

### A.   Legal Standard for Federal Subject Matter Jurisdiction

Federal courts are courts of limited jurisdiction and the law presumes that "a cause lies outside this limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938); *see also Gen. Motors Corp. v. Envtl. Prot. Agency*, 363 F.3d 442, 448 (D.C. Cir. 2004) (noting that "[a]s a court of limited jurisdiction, we begin, and end, with an examination of our jurisdiction").

Because "subject-matter jurisdiction is an 'Art. III as well as a statutory requirement[,] no action of the parties can confer subject-matter jurisdiction upon a federal court.'" *Akinseye v. District of Columbia*, 339 F.3d 970, 971 (D.C. Cir. 2003) (quoting *Ins. Corp. of Ir., Ltd. v. Compagnie des Bauxite de Guinea*, 456 U.S. 694, 702 (1982)). On a motion to dismiss for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1), the plaintiff bears the burden of establishing that the court has subject-matter jurisdiction. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). The court may dismiss a complaint for lack of subject-matter jurisdiction only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Empagran S.A. v. F. Hoffman-Laroche, Ltd.*, 315 F.3d 338, 343 (D.C. Cir. 2003) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

Because subject-matter jurisdiction focuses on the court's power to hear the claim, however, the court must give the plaintiff's factual allegations closer scrutiny when resolving a Rule 12(b)(1) motion than would be required for a Rule 12(b)(6) motion for failure to state a claim. *Macharia v. United States*, 334 F.3d 61, 64, 69 (D.C. Cir. 2003); *Grand Lodge of Fraternal Order of Police v. Ashcroft*, 185 F. Supp. 2d 9, 13 (D.D.C. 2001). Moreover, the court

is not limited to the allegations contained in the complaint. *Hohri v. United States*, 782 F.2d 227, 241 (D.C. Cir. 1986), *vacated on other grounds*, 482 U.S. 64 (1987). Instead, to determine whether it has jurisdiction over the claim, the court may consider materials outside the pleadings. *Herbert v. Nat'l Acad. of Scis.*, 974 F.2d 192, 197 (D.C. Cir. 1992).

### B. The Court Grants Riley's Motion to Dismiss 07-408 and *Sua Sponte* Transfers 07-452 to the Superior Court

The complaints in these cases constitute disputes concerning an order of a Judge at the Superior Court of the District of Columbia. Though it is Iqbal's burden to demonstrate the court's jurisdiction to entertain his complaint in civil action number 07-408, *Lujan*, 504 U.S. at 561, he has not done so here. Instead, he responds to Riley's motion to dismiss simply by reiterating his claim (wholly irrelevant to federal court jurisdiction) that he and Riley were married at the time Judge Tignor issued his order. Iqbal's Response, Civ. No. 07-408 (Mar. 29, 2007) at 2.

Iqbal argues, however, that the court has diversity jurisdiction over his claims against the Superior Court because he seeks more than $75,000. *Id.* But nowhere in his complaint does Iqbal indicate that he is seeking monetary damages from the Superior Court. And even assuming the complaint did contain a specific request for monetary damages, no allegations in the complaint support monetary damages. Under these circumstances, the court dismisses Iqbal's complaint as patently frivolous. *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) (commenting that federal courts lack power to hear cases otherwise within their jurisdiction but that are "so attenuated and unsubstantial" as to be clearly devoid of merit).

Litigant Riley initially filed her petition for an order of contempt in the Superior Court. That case is here now solely because of Iqbal's removal notice and involves a claimed violation of an order from the Superior Court. This court lacks both subject-matter and diversity jurisdiction to entertain the case. Consequently, removal to this court from the Superior Court was not justified, and the court *sua sponte* transfers civil action number 07-452 back to the Superior Court of the District of Columbia for consideration.

### III. CONCLUSION

For the foregoing reasons, the court grants the litigant Riley's motion to dismiss civil action 07-408 and *sua sponte* orders that the Clerk of the Court transfer civil action 07-452 to the Superior Court of the District of Columbia. An order consistent with this Memorandum Opinion is separately and contemporaneously issued on this 28th day of June, 2007.

>                                   RICARDO M. URBINA
>                                   United States District Judge